COTHEAL *against* TALMAGE.

*Liquidated damages ; penalty.*

In December, 1848, the plaintiff entered into an agreement with a company of persons, of whom G. T. De

Forrest was one, by which, in consideration of the sum of $100, paid to him by each of the individuals composing the company, the plaintiff agreed to furnish them with a cabin passage to San Francisco, with subsistence for a year, and with the articles and tools necessary for carrying on mining operations in California, and by which the company on their part severally agreed, that they would diligently devote themselves to obtaining gold and other precious metals, in the manner and under the superintendence and regulations specified in the agreement, and that they would severally execute a bond with securities, to the plaintiff, conditioned for the payment by the person executing the said agreement and said bond, to the said plaintiff, in case said person should fail to keep, or should break the said agreement, "the sum of five hundred dollars as liquidated damages."

In pursuance of this agreement, the said De Forrest, with the defendant as his surety, executed to the plaintiff a bond, commencing in the usual form, with a penalty of one thousand dollars, followed by a recital in general terms of the agreement, and concluding with a condition in the following terms:

"Now, therefore, the condition of this obligation is such, that if the above bounden G. T. De Forrest and Daniel Talmage shall well and truly pay, or cause to be paid, to said David Cotheal, his certain attorney, executors, administrators or assigns, upon the breach of said agreement, as aforesaid, the sum of five hundred dollars, without any fraud or other delay, then this obligation to be void, or else to remain in full force."

The complaint in this case stated the agreement and bond, alleged a breach of agreement by De Forrest, and claimed to recover the five hundred dollars mentioned in the agreement and in the condition of the bond; and the principal question in the case was, whether this

sum was to be regarded as a penalty, or as liquidating damages.

The Supreme Court held the five hundred dollars to be liquidated damages and not a penalty, and on appeal to the Court of Appeals the judgment was affirmed.

(S. C., 1 E. D. Sm. 573; 9 N. Y. 551.)